# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

THE UNITED STATES OF AMERICA )
for the use and benefit of SOUTHERN )
ROCK, INC., )
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff, )
　　　　　　　　　　　　　　　　　　)
vs. ) Case No. CIV-10-446-M
　　　　　　　　　　　　　　　　　　)
PRECISION IMPACT RECOVERY, LLC )
and INTERNATIONAL FIDELITY )
INSURANCE COMPANY, )
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendants. )

## ORDER

The matter before the Court is the Motion to Transfer Venue of International Fidelity Insurance Company ("IFIC") and Brief in Support [docket no. 74], filed August 31, 2010. On September 15, 2010, plaintiff filed its response, and on September 22, 2010, IFIC filed its reply. Based upon the parties' submissions, the Court makes its determination.

This action commenced in the United States District Court for the Northern District of Texas pursuant to the Miller Act, 40 U.S.C. § 3133, *et seq.* Plaintiff alleges it served as subcontractor to a government project located in Navarro County, Texas where Precision Impact Recovery, LLC ("Precision") acted as the prime contractor and IFIC as surety issued a payment bond on behalf of Precision. On May 3, 2010, this action was transferred to this Court. On June 11, 2010, the instant case was consolidated with another case pending in this Court on the basis the facts, disputed issues and questions of law in both cases were substantially similar and that consolidating the cases would promote judicial economy and avoid the possibility of inconsistent adjudications. On September 21, 2010, however, the Court severed the two actions for the reason that "the evidence, litigation

1

tactics and trial strategy appear to vary materially as between the Oklahoma and Texas cases."

As this action no longer warrants consolidation, and the claims are separate and distinguishable, IFIC now moves the Court to transfer this action to the Northern District of Texas due to the mandatory venue provision in the Miller Act[1], and also based on the unnecessary inconvenience and expense pursuant to 28 U.S.C. § 1404(a).

Pursuant to 28 U.S.C. § 1404(a):

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

"The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Jacobs v. Lancaster*, 526 F. Supp. 767, 769 (W.D. Okla. 1981) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960)). Section 1404(a) is intended to "place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotations omitted). "Moreover, when a case is transferred under § 1404(a), the transferee court must apply the same law as applicable in the transferor court, irrespective of whether the transfer was sought by the plaintiff or defendant." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515-16 (10th Cir. 1991).

> Among the facts [a district court] should consider is the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof;

---

[1] Because this issue is resolved on other grounds, the Court finds that no determination is necessary as related to the venue clause of the Miller Act.

2

> questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflicts of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Id.* at 1516.

Here, IFIC asserts that all of the conduct underlying plaintiff's claims occurred in Navarro County, Texas. Moreover, IFIC contends its primary defense - the lack of standing of plaintiff based on a commingled relationship with Precision - necessarily involves the testimony of percipient witnesses located in Texas and venue in Oklahoma would preclude compulsory process on these witnesses.

Plaintiff counters that two of the parties to suit are Oklahoma corporations with their principal places of business in Oklahoma. Plaintiff further asserts there are identical issues relating to the terms of agreement between plaintiff and Precision, common evidence concerning job costs and payments, as well as numerous critical witnesses which reside in Oklahoma. Also, plaintiff contends that IFIC would have difficulty compelling its percipient witnesses to testify even if the action were pending in Texas, and that unwinding previous agreed-to orders to transfer and consolidate and then sending a portion of this case back to the Northern District of Texas would result in a significant waste of time, resources and money. Although plaintiff claims that the consolidation of cases precludes transfer, the Court has determined that the basis for consolidation no longer exists.

Having reviewed the parties' submissions, the Court finds that IFIC has met its burden in establishing that transfer is warranted in this case. While plaintiff's choice of forum is given

considerable weight, there is no dispute that the project bonded by IFIC is located in Navarro County, Texas, and the conduct underlying plaintiff's claims are located in Texas. Nonetheless, numerous of plaintiff's critical witnesses reside in Oklahoma. If the action remained in this Court, however, it appears that IFIC would be prejudiced as to the lack of opportunity to present the testimony of government witnesses critical to its defense where no depositions are otherwise available. Conversely, it appears that depositions of plaintiff's key witnesses are available to be utilized at trial, even if plaintiff were unable to subpoena its Oklahoma witnesses.

Other factors warranting transfer are the possibility of questions arising in the area of conflict of laws and the advantage of having a local court determine questions of law. As the underlying conduct as issue occurred in Navarro County, Texas, the Court finds this case necessitates the application of Texas law. Clearly, a Texas district court is better suited to determine questions of Texas law and the Court finds there is an advantage of having a Texas district court determine Texas questions of law.

Having examined the relative advantages and disadvantages of this case, the Court finds that the interests of justice are better served in the Northern District of Texas. For the convenience of the parties, the Court GRANTS the instant motion and TRANSFERS this action to the United States District Court for the Northern District of Texas.

**IT IS SO ORDERED this 23rd day of September, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE